IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| TERRENCE GINN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | DOCKET NO.: 3:12-cv-1149 |
| v. | ) | JURY DEMAND (12) |
| | ) | |
| U. S. TSUBAKI HOLDINGS, INC., | ) | CAMPBELL/KNOWLES |
| | ) | |
| Defendant. | ) | |
| | ) | |

## (~~PROPOSED~~) INITIAL CASE MANAGEMENT ORDER

A.    JURISDICTION: Parties do not dispute jurisdiction or venue.

B.    BRIEF THEORIES OF THE PARTIES:

1)    PLAINTIFF:

The Plaintiff was hired by the Defendant on or about January 6, 2011. On or about January 1, 2012, Plaintiff took medical leave to complete a drug and alcohol treatment program. Plaintiff was hospitalized from January 1, 2012 to January 6, 2012 for detoxification. On or about January 6, 2012, Plaintiff began a rehabilitation program which would be completed on January 27, 2012. On or about January 10, 2012, Plaintiff notified Defendant that his treatment would be complete on or around January 27, 2012 and that he would be returning to work on January 30, 2012. On or about January 30, 2012, Plaintiff returned to work with a medical off-work slip dated January 6, 2012. Plaintiff was asked by Defendant to provide a more recent return to work slip. On or about January 30, 2012, Plaintiff returned to his Employer and provided an updated return to work slip.

After the Plaintiff provided the updated return to work slip, Defendant informed Plaintiff that they would need to contact his doctor before they would return him to work. Plaintiff was then terminated on February 1, 2012 by the Defendant Employer. Defendant wrongfully discriminated against the Plaintiff based upon his disabilities, actual and/or perceived, in violation of the Americans with Disabilities Amendments Act and the Tennessee Disability Act, T.C.A. Sec. 8-50-103.

      2)     DEFENDANT:

Defendant denies the material allegations in the Complaint. The company did not perceive Plaintiff to be disabled. Defendant did not fail to provide a reasonable accommodation for Plaintiff's alleged disability. Plaintiff's alleged disability was not a factor in the decision to end Plaintiff's employment. Defendant terminated Plaintiff for legitimate, non-discriminatory and non-pretextual reasons based on factors other than Plaintiff's alleged disability.

      C.     ISSUES RESOLVED: Jurisdiction and venue.

      D.     ISSUES STILL IN DISPUTE: Liability and damages.

      E.     INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before **February 1, 2013.**

      F.     DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **August 2, 2013.** Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences. *Discovery-related Motions are due on or before August 12, 2013,*

      G.     MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before **June 7, 2013.**

H.     DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **September 30, 2013.**  The defendant shall identify and disclose all expert witnesses and reports on or before **November 1, 2013.**

I.     DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before **January 31, 2014.**

~~J.     JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before February 28, 2014.~~

K.     DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before **February 28, 2014.**  Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion.  Optional replies may be filed within fourteen (14) days after the filing of the response. Briefs shall not exceed twenty-five (25) pages. ~~No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.~~

L.     ELECTRONIC DISCOVERY. The parties do not anticipate that electronic discovery is necessary in this case, but to the extent it is necessary they will agree on how to conduct electronic discovery.  In the absence of such an agreement, the default standard contained in Administrative Order No. 174 ~~need not~~ _will_ apply to this case.

M.     ESTIMATED TRIAL TIME: The parties expect the trial to last approximately three (3) to four (4) days. _The target trial date (jury) is June 24, 2014._

It is so ORDERED.

_____

E. Clifton Knowles
Magistrate Judge


APPROVED FOR ENTRY:


/s/ Donald D. Zuccarello
Donald D. Zuccarello, BPR No. 15092
3209 West End Avenue
Nashville, TN 37203
(615) 259-8100
(615) 259-8108 (fax)

Attorneys for Plaintiff



/s/ Craig Cowart     with permission by /s/ Donald D. Zuccarello
Jeff Weintraub, Esq.
Craig Cowart, Esq.
Fisher & Phillips, LLP
1715 Aaron Brenner Drive
Memphis, TN 38120
Attorney for Defendant